# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 794 | **DATE** | September 12, 2011 |
| **CASE TITLE** | STERN v. LEGENT CLEARING, LLC | | |

**DOCKET ENTRY TEXT:**

Stern's motion for settlement approval [88] is granted.

## STATEMENT

The issue here arises from the end stage of a process beginning with the failure of Enterprise Trust Company and the appointment of a receiver. There is a proposed Settlement Agreement and Bar Order which, if approved, ends the continuing expenditures incurred by the receiver and provides for nearly 1.5 million dollars to be distributed to the investors of Enterprise. The receiver assesses this recovery exceeds the maximum amount recoverable at trial against Legent (as shown by an expert analysis of the loss to all investors as a result of Legent's assumed misconduct to be less than $864,000.) There are assertions, but no proof or other support for these assertions, that the trading losses were much greater than what the SEC expert and the Legent expert calculated. I have read the briefs and, on the basis of those arguments, I overrule the objections and offer a brief summary of my reasons. I concur with the views of the Receiver.

There are objections from two sources.

1. The Baldwin Legal Group investors

This objection is founded on the premise that this group is entitled to more money than other claimants and will be unable to try for it if the Bar Order is entered. It seeks recompense for its own efforts at uncovering fraud and reporting it to regulators and its legal work after the complaint here survived a motion to dismiss. It asserts that its claims against Legent are different from those settled here.

These objections are either weightless or miscast as objections. That BLG has different theories to justify recovery from Legent means little here; recovery can only be made once for the wrongs alleged and that fair and reasonable recovery is made here from Legent. The remedies sought by BLG are the same remedies sought by the Receiver i.e. compensation for loss, punitive damages and attorneys' fees. If BLG deserves compensation it could only come in an allocation phase. To attempt to blow up the settlement as a

vehicle for compensation is inappropriate, an overreaching action that does BLG no credit.  What BLG wanted to do was carve out from the list of all investors a much smaller group of individuals whose remedy would be found in a separate class action.  In the context of this case, the suggested process is not easily defended and I found it to be inappropriate.  The $864,000 maximum loss was calculated for all Enterprise investors, the BLG investors were a significantly smaller class.  So the BLG suit would have pursued a relatively small amount of money, a tough claim for punitive damages, in all a relatively low and later reward to its clients but with the prospect of fees to lawyers.  This prospect exists because the California Elder Abuse Statute mandates an award of attorney fees.  The probable net effect of sustaining BLG's objection to the bar order would be to delay, if not diminish, compensation to its clients for the sake of a chance at fees for attorneys.  There are cases in which a BLG type of objection would be appropriate, this case is not one of them.  Settlements and Bar Orders are common and, when justified, are entered and here adequate justification was clearly made by the Receiver.  The Bar Order was and is an important requisite of the settlement process in this case and I overrule BLG's objections to its entry.

      2.    The Golds Objection

      This objection comes too late.  It comes after my rejection of similar objections was affirmed by the Court of Appeals.  Ms. Golds did receive higher compensation than others because her assets were used for margin trading despite her mistaken claim that this was not done.  Her objections to the conduct of her investment advisor are claims against him, not against the settling party here. Ms. Golds has no right to vacate the action of the FINRA arbitrators; it was Ms. Golds who decided to forego arbitration.  Probably she did so wisely because she may not have been a client of Legent with standing to arbitrate the claim.  In any event she surrendered that right and cannot recover it here.

      I overrule the objections to Settlement and Bar Order.